IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY HATLEY**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-0183-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings and Recommendation of the United States Magistrate Judge, filed January 11, 2010. Petitioner filed objections on January 28, 2010.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Jeff Kaplan found that the petition should be denied. Specifically, he determined that none of Petitioner's claims raised an issue that the state court made a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that was based on an unreasonable determination of the facts in light of the evidence presented in state court.

Petitioner first objects to the magistrate judge's conclusion that the state court's decision to set aside a plea agreement due to Petitioner's failure to take a polygraph test was not a basis for habeas relief. Petitioner cites no legal authority in support of his objection. The magistrate judge found that the state court had wide discretion to construe the plea agreement and therefore Petitioner was not entitled to federal habeas relief. The court agrees and **overrules** this objection.

**Memorandum Opinion and Order – Page 1**

He next argues that the magistrate judge erred in denying him habeas relief based upon the shared church of a veniremember and a prosecutor. He contends that this raises a constitutional issue relating to the separation of church and state. As the magistrate noted, Petitioner presented no evidence that this veniremember served on the jury. The court agrees, finds that there is no constitutional issue, and **overrules** this objection.

Petitioner objects to the magistrate judge's conclusion that he is not entitled to habeas relief due to the admission of uncorroborated accomplice witness testimony. He objects to the magistrate judge's citation to an unpublished opinion. The court finds that the magistrate judge's conclusion was correct and notes that he also cited a published appellate opinion relating to this point. The court therefore **overrules** this objection.

The magistrate judge found that Petitioner's claim for ineffective assistance of counsel failed, in part, because the evidence he filed consisted of unsigned affidavits, and Petitioner objects to this conclusion. He states that he filed signed affidavits in the state court proceedings. The court has reviewed the state court record and did not find signed affidavits in that record. Moreover, Petitioner has not filed the signed affidavits in this court or sought leave to file them in this proceeding. Accordingly, the court **overrules** this objection.

Petitioner objects to the magistrate judge's conclusion that his counsel did not provide ineffective assistance by conceding the only factual issues in dispute. In *Haynes v. Cain*, 298 F.3d 375, 381 (5th Cir.), *cert. denied*, 537 U.S. 1072 (2002) (citation omitted), the court held that "when analyzing an attorney's decision regarding concession of guilt at trial, courts have found a constructive denial of counsel only in those instances where a defendant's attorney concedes the

**Memorandum Opinion and Order – Page 2**

only factual issues in dispute." The magistrate judge found that Petitioner's attorney did not concede the only factual issues in dispute. The court agrees and **overrules** this objection.

Finally, Petitioner objects to the magistrate judge's conclusion that he received ineffective assistance of counsel because his attorney did not object to or rebut certain testimony of Officer Glen McCall. Petitioner contends that this testimony, in which McCall testified about a conversation between Petitioner and his mother, was hearsay. The magistrate judge found that this testimony was not hearsay because it was an admission by a party-opponent and that Petitioner's affidavit in support was unsigned. The court agrees with the magistrate judge that this testimony was not hearsay and **overrules** this objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses** the writ of habeas corpus **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status.

**It is so ordered** this 5th day of March, 2010.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**